UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIAO-WEI CHOU<br>24A Alva Court<br>Edison, New Jersey 08817<br><br>Plaintiff,<br>v.<br><br>BNP PARIBAS NORTH AMERICA, INC.<br>787 Seventh Avenue<br>New York, New York 10019<br><br>Defendant. | CASE NO. _____<br><br>CIVIL ACTION<br><br>**JURY TRIAL DEMANDED** |



## CIVIL ACTION COMPLAINT

Plaintiff Xiao-Wei Chou by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Xiao-Wei Chou (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the New York Human Rights Law, Executive Law, and the Administrative Code. Plaintiff asserts that the above-captioned Defendant (hereinafter referred to as "Defendant," unless indicated otherwise) discriminated against him because of his age and national origin when it decided to terminated his employment with Defendant.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction because diversity jurisdiction exists. The Plaintiff is a domiciliary, resident, and citizen of New Jersey, seeking an amount exceeding $75,000.00, exclusive of costs and interest, from Defendant, a Delaware Corporation. In addition to being incorporated in Delaware, Defendant is headquartered with locations its principle place of business in New York.

3. This Court has personal jurisdiction over Defendant because Defendant, by systematically soliciting business in New York, it has sufficient minimum contacts with this judicial district that the exercise of such jurisdiction comports with judicial notions of fair play and substantial justice, satisfying the standards set forth in *International Shoe Company v. Washington*, 326 U.S. 309 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in New York and is subject to personal jurisdiction in New York. It is also believes that a substantial portion of the actions and occurrences complained of herein occurred within New York.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Plaintiff is fifty-four (54) years old and is of Chinese national origin.

8. Defendant is a foreign business corporation incorporated in the State of Delaware with its principal place of business in the State of New York.

9. At all relevant times herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein the course and scope of their employment with and for the benefit of Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant in or about July 2005 as an Assistant Vice

President to Software Development supporting the compliance department.

12. At all times relevant herein, Plaintiff worked for Defendant in its location at the above-address.

13. Plaintiff's main function during his employment was the support and development of the Personal Account Dealing system (PAD). Plaintiff was the sole developer supporting this system.

14. During Plaintiff's employment with Defendant he was supervised by Jason Klein.

15. Plaintiff was terminated by Defendant on January 23, 2007, and was given the reason that his position was being eliminated.

16. Plaintiff became aware that his position had not become eliminated, and instead, his position was filled by two younger individuals who were in their twenties or early thirties.

17. Plaintiff was terminated from Defendant because of his age and/or because of his national origin.

18. During Plaintiff's employment, Mr. Klein had told Plaintiff that he would prefer more young white males on his development team.

19. Based on the direct statements by his supervisor and the actions of Defendant after his termination, Plaintiff alleges that the motivating reasons for his termination were due to his age and national origin.

### Count I

### Violations of New York City Administrative Code § 8-107(a)

(Age and National Origin Discrimiantion)

20. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

21. Upon information and belief, Defendant discriminated against Plaintiff because of his Age and National Origin by terminating him from its employment.

22. Defendant's actions constitute an unlawful employment practice under the New York City Administrative Code.

23. As a result of Defendant's violations of the foregoing, Plaintiff has suffered damages.

## Count II

### Violations of the New York Human Rights Law § 296

### (Age and National Origin Discrimination)

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Pursuant to §296 of the New York Human Rights Law, it is an unlawful discriminatory practice for an employer to discriminate against an employee because of their Age or National Origin.

26. Defendant has engaged in an unlawful discriminatory practice under §296 pf the State Human Rights Law by terminating Plaintiff because of Age and National Origin.

27. As a result of Defendant's unlawful discriminatory practices, Plaintiff has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain their illegal policy, practice or custom violating the New York State Human Rights Law and Administrative Code.

B.   Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating and/or retaliating against employees or prospective employees based on their sex or age and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

C.   Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, overtime pay, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

D.   Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and overtime compensation Plaintiff would have received had it not been for Defendants illegal actions;

E.   Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

F.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

G.   Plaintiff is to be awarded the costs and expenses of this action, pre-judgment interest, and reasonable legal fees as provided by applicable federal and state law;

H.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the

financial recovery available to Plaintiffs in light of the caps on certain damages set forth in applicable state and federal law;

I. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law Plaintiffs have also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & VIRANT**

Adam C. Virant (AV 5429)
140 Broadway
46th Floor
New York, NY 10005
(212) 929-6030

Dated: March 3, 2008