UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                                   :

XIAO-WEI CHOU,                                   :

                                                   :    Case No. 08-CV-02219 (JSR)

                Plaintiff,                   :

                                                   :    **ANSWER & AFFIRMATIVE &**

v.                                                    :    **OTHER DEFENSES**

                                                   :

BNP PARIBAS NORTH AMERICA, INC.      :

                                                   :

                Defendant.              :

                                                 :
------------------------------------- x

      Defendant BNP Paribas North America, Inc. (hereinafter "BNP"), by and through its attorneys, Seyfarth Shaw LLP, as and for its Answer to the Complaint of Plaintiff Xiao-Wei Chou ("Plaintiff"), states as follows:

## INTRODUCTION

      1.     BNP denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Plaintiff purports in this action to allege claims under the New York Human Rights Law, Executive Law, and the Administrative Code, and further admits that BNP terminated Plaintiff's employment.

## JURISDICTION AND VENUE

      2.     The allegations in paragraph 2 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied, except BNP denies knowledge or information sufficient to form a belief as Plaintiff's current domicile, residence, and citizenship, and except admits that BNP is a Delaware corporation and has its principal place of business in New York, and otherwise denies the allegations contained in paragraph 2 of the Complaint.

3. The allegations in paragraph 3 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.

4. The allegations in paragraph 4 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied, except that BNP denies each and every allegation to the extent it refers to any of the alleged unlawful or discriminatory acts contained in the Complaint.

## PARTIES

5. BNP repeats and reiterates its responses to paragraphs 1 through 4 as though fully and completely set forth herein.

6. BNP denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Plaintiff is an adult individual.

7. BNP denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. BNP admits the allegations contained in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied. If and to the extent a response is deemed to be required, BNP denies each and every allegation contained in paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

10. BNP repeats and reiterates its responses to paragraphs 1 through 9 as though fully and completely set forth herein.

11. BNP admits that in or about July 2005, Defendant was hired as an Assistant Vice President, Compliance Developer to the Information Technology Department supporting the Compliance Department, and otherwise denies the allegations contained in paragraph 11 of the Complaint.

12. BNP admits the allegations in paragraph 12 of the Complaint.

13. BNP denies each and every allegation in paragraph 13 of the Complaint, except admits that the majority of time spent by Plaintiff during his employment was the support and development of the Personal Account Dealing system ("PAD"), and further admits that Plaintiff was the primary developer supporting this system.

14. BNP admits that during certain points in Plaintiff's employment, Plaintiff was supervised by Jason Klein, among others.

15. BNP admits the allegations in paragraph 15 of the Complaint.

16. BNP denies each and every allegation in paragraph 16 of the Complaint.

17. BNP denies each and every allegation in paragraph 17 of the Complaint.

18. BNP denies each and every allegation in paragraph 18 of the Complaint.

19. BNP denies each and every allegation in paragraph 19 of the Complaint.

## COUNT I

### VIOLATIONS OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107(a)

20. BNP repeats and reiterates its responses to paragraphs 1 through 19 of the Complaint as though fully and completely set forth herein.

21. BNP denies each and every allegation in paragraph 21 of the Complaint.

22. BNP denies each and every allegation in paragraph 22 of the Complaint.

23. BNP denies each and every allegation in paragraph 23 of the Complaint.

## COUNT II

## VIOLATIONS OF NEW YORK HUMAN RIGHTS LAW § 296

24. BNP repeats and reiterates its responses to paragraphs 1 through 23 of the Complaint as though fully and completely set forth herein.

25. The allegations in paragraph 25 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.

26. BNP denies each and every allegation in paragraph 26 of the Complaint.

27. BNP denies each and every allegation in paragraph 27 of the Complaint.

28. BNP denies each and every allegation and claim for relief contained in the "WHEREFORE" clause in the Complaint, paragraphs A-I.

29. BNP denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative prerequisites to suit.

**FIFTH DEFENSE**

Plaintiff's claims pursuant to the New York City Administrative Code, § 8-101 et seq., are barred by his failure to serve a copy of the Complaint on the New York City Commission on Human Rights and the New York City Office of Corporation Counsel.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are barred by his election of remedies.

**SEVENTH DEFENSE**

All of BNP's decisions, actions, and/or omissions with respect to Plaintiff were based upon legitimate non-discriminatory business reasons.

**EIGHTH DEFENSE**

BNP has established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees in accordance with § 8-107(13)(d) of the New York City Administrative Code.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because BNP published firm policies against discrimination, harassment and retaliation, and Plaintiff unreasonably failed to promptly take advantage of the preventive or corrective opportunities provided by BNP or to avoid harm otherwise.

**TENTH AFFIRMATIVE DEFENSE**

All relevant and mitigating factors should be considered in accordance with § 8-107(13)(e) and (f) and § 8-126(b) of the New York City Administrative Code.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrine after acquired evidence.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's own conduct caused, in whole or in part, whatever damages he purports to have suffered.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate his purported damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred, in whole or in part, from recovery of the damages that he seeks because they are not authorized under the New York State Executive Law, § 296 *et seq*., the New York City Administrative Code, § 8-107 *et seq.*, the United States Constitution, and/or the Constitution of the State of New York.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice, or reckless indifference, nor can he impute liability for punitive damages to Defendant, because of its good faith efforts to comply with the New York State Executive Law, § 296 *et seq.* and the New York City Administrative Code, § 8-107 *et seq.*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages because he cannot show that management has authorized, participated in, consented to or ratified the conduct giving rise to such damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and New York Constitutions and/or by the statutes under which this action purportedly is brought.

**OBJECTION TO JURY TRIAL**

BNP objects to a trial by jury on Plaintiff's equitable claims, claims for back pay and front pay, and all other issues as to which a jury is not permitted as of right, as a matter of law.

**WHEREFORE,** BNP respectfully requests that this Court enter judgment in its favor against Plaintiff as follows:

1. dismissing the Complaint in its entirety on the merits;

2. granting to BNP the costs and expenses of this action, including attorneys' fees; and

3. awarding BNP such other and further relief as the Court may deem just and proper.

DATED: New York, New York
April 21, 2008

                                        Respectfully submitted,

                                        SEYFARTH SHAW LLP

By:    /s Dov Kesselman
         Dov Kesselman (DK-6571)
         Brian Murphy (BM-0659)
         620 Eighth Avenue
         New York, New York 10018
         Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2008, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

>Adam C. Virant
>Karpf, Karpf & Virant
>140 Broadway
>46th Floor
>New York, New York 10005
>
>*Attorneys for Plaintiff*

>/s Dov Kesselman
>Dov Kesselman (DK-6571)